## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL UNION OF OPERATING       :    CIVIL ACTION
  ENGINEERS OF EASTERN PENNSYLVANIA :    NO.   25-6828
  AND DELAWARE BENEFIT PENSION FUND,:
                           :

INTERNATIONAL UNION OF OPERATING       :
  ENGINEERS OF EASTERN PENNSYLVANIA :
  AND DELAWARE HEALTH AND WELFARE  :
  FUND,                                               :
                           :

INTERNATIONAL UNION OF OPERATING       :
  ENGINEERS OF EASTERN PENNSYLVANIA :
  AND DELAWARE APPRENTICESHIP &     :
  TRAINING FUND,                                :
                           :

INTERNATIONAL UNION OF OPERATING       :
  ENGINEERS OF EASTERN PENNSYLVANIA :
  AND DELAWARE SUPPLEMENTAL        :
  UNEMPLOYMENT BENEFIT FUND, and   :
                           :

INTERNATIONAL UNION OF OPERATING       :
  ENGINEERS OF EASTERN PENNSYLVANIA :
  AND DELAWARE ANNUITY FUND        :
  1375 Virginia Drive, Suite 245            :
  Fort Washington, PA 19034,                :
                           :

     and                                            :
                           :

INTERNATIONAL UNION OF OPERATING       :
  ENGINEERS LOCAL 542, AFL-CIO          :
  1375 Virginia Drive, Suite 100            :
  Fort Washington, PA 19034,                :
                           :

        Plaintiffs,                        :
                           :

        v.                                        :
                           :

PEOPLES & SONS, LLC                          :
  501 West 22nd Street                        :
  Chester, PA 19013,                           :
                           :

        Defendant.                        :

1

# C O M P L A I N T

## INTRODUCTION

1.      This is an action brought by employee benefit plans to collect delinquent benefit fund contributions, interest, liquidated damages, and attorneys' fees, pursuant to section 503 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, and by a labor union to collect unremitted dues pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1) and (c) of ERISA, 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f) and §1451(a)(1) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

3.      This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund (hereinafter the "Pension Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Health and Welfare Fund (hereinafter the "Health Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Apprenticeship and Training Fund (hereinafter the "Apprenticeship Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Supplemental Unemployment Benefit Fund (hereinafter the "SUB Fund"), and the

International Union of Operating Engineers of Eastern Pennsylvania and Delaware Annuity Fund (hereinafter the "Annuity Fund") (hereinafter collectively the "Funds") are administered in the Eastern District of Pennsylvania at the address listed in the caption.

**PARTIES**

4.     At all times relevant hereto, the Funds are "multi-employer plans" and "employee benefit plans" within the meaning of sections 3(2), (3) and (37), of ERISA, 29 U.S.C. §1002(2), (3), and (37) which are maintained for the purpose of providing health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, and annuities and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5.     At all times relevant hereto, the Funds have maintained their principal place of business at the address in the caption.

6.     The Funds bring this action on behalf of themselves and on behalf of plan participants and beneficiaries pursuant to sections 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3)(B)(ii) and 1451(a)(1), respectively.

7.     At all times relevant hereto Plaintiff International Union of Operating Engineers Local Union 542, AFL-CIO (hereinafter the "Union") is an unincorporated association commonly referred to as a labor union and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant Peoples & Sons, LLC (hereinafter the "Employer") who

is and/or was employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

8.      At all times relevant hereto, the Union has maintained its principal place of business at the address listed in the caption.

9.      The Union brings this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

10.      Defendant Peoples & Sons, LLC is an employer in an industry affecting commerce within the meaning of section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12) and has a business address as set forth in the caption.

## COUNT ONE
### Delinquent Contributions
### Funds v. Employer

11.      The above paragraphs are incorporated herein by reference as though duly set forth at length.

12.      Defendant Employer adopted and agreed to be bound by the terms of the collective bargaining agreement between the Union and the Contractors Associations of Eastern Pennsylvania and the State of Delaware (hereinafter the "CBA"). A true and correct copy of the CBA is attached hereto as Exhibit A.

13.      By adopting the terms of the CBA, Defendant Employer agreed to make full and timely payments to the Funds based upon the number of hours worked by its employees who worked on that project and to remit union dues to the Union from the paychecks of employees who authorizes such deduction.

14.    The amount of contributions due to each of the Funds and the remittances due to the Union from the Employers is determined by the hours worked and wages paid to employees covered by the CBA during a calendar month. (Exhibit A, Article V, pp. 29-32)

15.    Pursuant to Article V, Section 7(1) of the CBA, the contributions and remittances are due on a monthly basis on the twenty-fifth (25th) day of the month following the month in which the wages which are the basis for the contribution calculation were earned. (Exhibit A, p. 30)

16.    Pursuant to Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the CBA and 29 U.S.C. §1132(g)(2)(B), contributions that are not paid by the last day on which they are due accrue interest, calculated at a rate of ten percent (10%) per annum from the first day of the month following the date such contributions are due. (Exhibit A, pp. 30-31)

17.    Pursuant to Article V, Section 7(5), (8), (9), and (11) of the CBA and 29 U.S.C. §1132(g)(2)(C)(ii), any contribution not received by its due date is charged liquidated damages equal to ten percent (10%) of the amount of the unpaid or late-paid contribution. (Exhibit A, p. 31)

18.    The Employer failed to submit reports or contributions to the Funds, and it failed to remit union dues for the months of January 2025 through April 2025 by their respective due dates.

19.    On June 10, 2025, before the Employer submitted remittance reports for those months, the Funds and Union, through their attorney, sent a letter to the Employer advising it of the delinquency and demanded submission of the missing remittance reports and payment of the delinquent amounts as well as interest, plus unremitted union dues. A true and correct copy of the June 10, 2025 letter is attached hereto as Exhibit B.

5

20.    The Employer failed and refused to respond to the June 10, 2025 letter.

21.    On June 25, 2025, the Funds and Union, through their attorney, sent a second letter to the Employer, again advising it of the delinquency and demanded submission of the remittance reports and payment of the principal amounts, as well as interest. The letter noted that it would be the Employer's final warning before legal action was taken. A true and correct copy of the June 25, 2025 letter is attached hereto as Exhibit C.

22.    The Employer subsequently submitted remittance reports for the months of January 2025 through April 2025, but it only submitted contributions and remittances for the month of January 2025.

23.    Based on the reports it submitted, the Employer owes a total of $54,970.62 to the Funds and $3,406.24 in unremitted dues to the Union for the work performed from February 2025 through April 2025. A true and correct copy of the remittance reports for the period of February 2025 through April 2025 are attached hereto as Exhibit D.

24.    Despite notice of the delinquency and demands of payment thereof, the Employer has failed and refused to pay the delinquent amounts.

25.    In addition to the principal amounts due, the Employer owes interest, liquidated damages, and attorneys' fees and costs pursuant to pursuant to 29 U.S.C. §1132(g)(2), and Article V, Section 7 of the collective bargaining agreement, which is actionable under the LMRA, 29 U.S.C. §185.

WHEREFORE, Plaintiffs ask that the Court:

(1)    Enter Judgment in favor of Plaintiffs Funds and against the Defendant Employer for:

(a)    $54,970.62 for the unpaid principal contributions for the work performed for months of February 2025 through April 2025, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(b)    Interest on the principal amounts in (1)(a) calculated at a rate of ten percent (10%) per annum, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B);

(c)    $5,4970.62 for liquidated damages (10% of the principal amounts in (1)(a)), pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C);

(d)    Such other principal, interest, and liquidated damages that become due during the pendency of this action, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A)-(C);

(e)    Attorneys' fees and costs, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(D); and

(2)    Grant any other further relief the Court finds just and proper.


## COUNT TWO
### Unremitted Dues
### Union v. Employer

26.    The above paragraphs are incorporated herein by reference as though duly set forth at length.

27.    Pursuant to Article V, Sections 8, of the collective bargaining agreement Defendant Employer is required to deduct union dues from the wages of employees who authorize such a deduction and to remit the deducted amounts to the Union by the fifteenth day of the month. (Exhibit A, p. 32)

7

28.     As noted above, the remittance reports submitted by the Employer documents that a total of $3,406.24 were deducted from employees' pay in their wages for the months of February 2025 through April 2025, but those amounts were never remitted to the Union.

29.     By not remitting dues deducted from the pay of employees' who authorize such a deduction the Employer violated the collective bargaining agreement, which is actionable under the LMRA, 29 U.S.C. §185.

WHEREFORE, Plaintiffs ask that the Court:

(1)     Enter Judgment in favor of Plaintiff Union and against the Defendant Employer for $3,406.24 for unremitted due for the months of February 2025 through April 2025, pursuant to the collective bargaining agreement and 29 U.S.C. §185;

(2)     Enter Judgment in favor of Plaintiff Union and against the Defendant Employer for such other dues that are deducted but not remitted during the pendency of this action; and

(3)     Grant any other further relief the Court finds just and proper.


SPEAR WILDERMAN, P.C.


BY: */s/ Jeremy E. Meyer*
JEREMY E. MEYER, ESQUIRE
Attorney I.D. 85303
230 South Broad Street, Suite 1650
Philadelphia, PA 19102
(215) 732-0101
jmeyer@spearwilderman.com

Dated:   December 2, 2025